UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICKEY LOU HOEFT,

                                                     DECISION & ORDER

                Petitioner,

                                                     08-CV-6060P

       v.

S. L. CONNALLY, et al.,

                Respondents.
_____

        Following the denial without prejudice of petitioner's request for a stay, petitioner has filed a proposed amended complaint with a memorandum of law (Docket # 13), and a motion for appointment of counsel (Docket # 15), with an application to proceed *in forma pauperis* (Docket # 14). Petitioner did not renew his request for a stay.

        Petitioner's proposed amended petition is accepted and Docket # 13 is now the operative pleading for this action. In the original petition (Docket # 1), petitioner raised six grounds on which he was seeking relief. In the amended petition, petitioner raises only three of the six grounds – that he is innocent of the crimes of which he was convicted; that the prosecution was malicious; and that petitioner was denied effective assistance of counsel.

        Petitioner has applied to the Court for appointment of counsel and has requested permission to proceed *in forma pauperis*. Because he has met the standards necessary to proceed as a poor person, permission to proceed *in forma pauperis* is granted.

        Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23

(2d Cir. 1988). Moreover, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), *see Graham v. Portunodo*, 506 F.3d 105 (2d Cir. 2007), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel is within the judge's discretion, *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law. Petitioner has provided the Court with documentation and written argument in support of his petition. Nevertheless, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, petitioner has not provided the Court with any information to indicate that the interests of justice require the appointment of counsel at this time. It does not appear at this time that petitioner needs the assistance of counsel to present these claims.

Based on this review, petitioner's motion for appointment of counsel is denied without prejudice at this time. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. 28 U.S.C. § 1654.

**CONCLUSION**

It is the Order of this Court that the proposed amended petition is accepted and Docket # 13 is now the operative pleading for this action.  Respondent is directed to file and serve an Answer to the amended petition by **December 17, 2008.**  It is the further Order of this Court that petitioner's motion for permission to proceed in forma pauperis **(Docket # 14)** is **GRANTED**.  It is the Order of this Court that petitioner's motion for assignment of counsel **(Docket # 15)** is **DENIED** at this time, without prejudice to a later request.

**IT IS SO ORDERED.**

      *s/Marian W. Payson*
      MARIAN W. PAYSON
      United States Magistrate Judge

Dated: Rochester, New York
      November   17  , 2008