IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

RICKEY LON HOEFT,

                          **DECISION AND ORDER**
            Petitioner,             **No. 08-CV-6060(VEB)**

       -vs-

D.E. LaCLAIR, Superintendent,

            Respondent.

_____

## I.       Introduction

*Pro se* petitioner Rickey Lon Hoeft ("Hoeft" or "Petitioner")  filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state custody pursuant to a judgment

of conviction following a guilty plea in New York State Supreme Court (Erie County) on January

12, 2005, to one count of grand larceny in the second degree. The parties have consented to

disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). For the

reasons that follow, the petition is dismissed.

## II.      Factual Background and Procedural History

Hoeft pleaded guilty to one count of second degree grand larceny in satisfaction of

Indictment No. 01213-2005 charging him with three counts of grand larceny in the third degree,

pursuant to New York Penal Law ("P.L.") § 155.42 and two counts of grand larceny in the

second degree pursuant to P.L.§ 155.40. The prosecution alleged that Hoeft, billing himself as an

investment advisor, had convinced three individuals to invest a substantial sum of money into

accounts held in his name and then had stolen the invested monies and used them for his own

personal expenditures. As part of the plea agreement, he was ordered to pay restitution in the

amount of $274,700.00 to the three complainants.  The trial court adjourned sentencing for five

months and released Hoeft to probation supervision so that he could begin to make restitution.

The trial court explained that if restitution was not made, it was contemplating sentencing Hoeft

to an indeterminate term of five (5) to fifteen (15) years in prison.

Because he made no attempt during his supervision to make restitution to the victims, he

was sentenced on June 23, 2005 to an indeterminate term of five (5) to fifteen (15) years of

imprisonment. Hoeft was ordered to make monthly restitution payments commencing six (6)

months after his release from prison until the amount owed was paid in full.

Despite the waiver of appeal, Petitioner, represented by new counsel, pursued a direct

appeal. Appellate counsel presented two issues: (1) the waiver of appeal was invalid; and

(2) the court's sentence was harsh and excessive. Petitioner also presented six issues in a *pro se*

supplemental appellate brief: (1) his conduct was not criminal because he and William Jacobi,

one of the victims, were in a partnership; (2) he was denied an opportunity to appear before the

grand jury; (3) the conduct of the prosecution denied him due process; (4) trial counsel failed to

render effective assistance; (5) the court erroneously precluded him from filing a pre-sentence

memorandum; and (6) the sentence was harsh and excessive.

The Fourth Department rejected Hoeft's contention that his waiver of the right to appeal

is invalid, explaining that "trial courts are not required to engage in any particular litany during

an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of

rights," including the right to appeal. *People v. Hoeft*, 42 A.D.3d 968, 969, 838 N.Y.S.2d 842,

844 (App. Div. 4th Dept. 2007) (quotations and citations omitted). The Fourth Department

concluded, "[u]pon our review of the plea allocution, we are satisfied that 'defendant's waiver of the right to appeal reflects a knowing and voluntary choice[.]'" *Id.* (quotation omitted).

With regard to defendant's challenges to the severity of the sentence of incarceration and the amount of restitution ordered, the Fourth Department found that they were encompassed within the waiver of the right to appeal, since the trial court advised Petitioner during the plea proceeding of the maximum term of incarceration and the amount of restitution. *Id.* (citations omitted).

The Fourth Department concluded that the waiver of the right to appeal also encompassed Hoeft's contention in his *pro se* supplemental brief that his conduct was not criminal. *People v. Hoeft*, 42 A.D.2d at 969 (citing *People v. Joyner*, 19 A.D.3d 1129, 796 N.Y.S.2d 818) ("The waiver by defendant of the right to appeal encompasses his contention that the evidence is legally insufficient to support the [superior court information] because the lab report fails to state the pure weight of the cocaine (*see generally People v. Seaberg*, 74 N.Y.2d 1, 7-9, 543 N.Y.S.2d 968, 541 N.E.2d 1022). In any event, defendant forfeited that contention by pleading guilty.") (citation omitted).  Furthermore, the Fourth Department found that, in addition to Hoeft's contention concerning legal insufficiency being encompassed by his waiver of the right to appeal, this contention was also forfeited as a result of his guilty plea. *Id.* (citing *People v. Gerber*, 182 A.D.2d 252, 260, 589 N.Y.S.2d 171, lv. denied 80 N.Y.2d 1026, 592 N.Y.S.2d 676, 607 N.E.2d 823).

The claim that Hoeft was denied his right under New York State statutory law to testify before the grand jury likewise was forfeited by the guilty plea. *Id.* (citing *People v. Sachs*, 280 A.D.2d 966, 721 N.Y.S.2d 214, *lv. denied* 96 N.Y.2d 834, 729 N.Y.S.2d 455, 754 N.E.2d 215,

97 N.Y.2d 708, 739 N.Y.S.2d 109, 765 N.E.2d 312)).

With regard to Hoeft's contentions that the conduct of the Erie County District Attorney's office was vindictive and that trial counsel provided ineffective assistance, the Fourth Department declined to review them because they were based upon matters outside the record and thus were properly raised in a collateral motion to vacate the judgment pursuant to C.P.L. § 440.10. *Id.* (citing, *inter alia*, Joyner, 19 A.D.3d at 1130.

The Fourth Department found unpreserved Hoeft's *pro se* contention that he was denied the opportunity to submit a memorandum in opposition to the presentence report, and the court declined to exercise its power to review that contention as a matter of discretion in the interest of justice. *Id.* (citing *People v. Perea*, 27 A.D.3d 960, 961, 812 N.Y.S.2d 673; C.P.L. § 470.15(6)(a)).

Finally, the Fourth Department summarily dismissed the remaining contentions in Hoeft's *pro se* supplemental brief, concluding that none required reversal or modification of the judgment.

Hoeft's motion for reargument was denied on September 28, 2007. Hoeft then sought leave to appeal on two issues to the New York Court of Appeals–(1) that the waiver of appeal was invalid; and (2) that the court erred in denying Petitioner's motion to suppress statements. Leave to appeal was denied on October 1, 2007. *People v. Hoeft*, 9 N.Y.2d 962 (N.Y. 2007).

While Hoeft's direct appeal was pending, Hoeft filed a motion to vacate the judgment pursuant to C.P.L. § 440.10 in the trial court on March 2, 2006, raising two issues: (1) that the trial court lacked jurisdiction to decide the case because of false and prejudicial evidence presented to the grand jury; (2) that the defense counsel was ineffective. The motion was denied

on July 11, 2006, in a fairly lengthy decision and order. *See* C.P.L. § 440.10 Order dated July 11,

2006, signed by Justice Penny Wolfgang.  Hoeft then sought leave to appeal the order denying

his motion, but on April 7, 2007, the Fourth Department denied permission to appeal.

On August 16, 2006, Hoeft filed a motion to vacate his sentence in the trial court pursuant

to C.P.L. § 440.20, raising two issues: (1) his sentence was cruel and unusual; and (2) his

sentence was illegal. On March 2, 2007, the court granted part of the relief requested in the

motion.  The trial court explained that since Petitioner received the maximum term available for

a person convicted of second degree grand larceny (five to fifteen years), he could not lawfully be

subjected to additional incarceration if he were to pay the restitution. *See* C.P.L. § 440.20 Order

dated March 2, 2007, at p. 2-3 (citing, *inter alia*, N.Y. CRIM. PROC. LAW § 420.10(4)(d)). Thus,

the trial court held that the additional period of incarceration imposed by the sentencing court if

Petitioner did not pay restitution was illegal. The trial court accordingly ordered that the

Restitution Order be modified to reflect that Petitioner could not be subjected to an additional

period of imprisonment if he failed to comply with the terms of the Restitution Order upon his

completion of the five-to-fifteen-year sentence. *Id.*

This timely habeas petition followed, in which Hoeft raises the issues that he presented in

his *pro se* brief on direct appeal to the Appellate Division, Fourth Department. *See* Amended

Petition (Docket No. 13) and Exhibits (Docket No. 16).

Respondent answered the petition.

## III.    Standard of Review under 28 U.S.C. § 2254(d)

When a petitioner "in custody pursuant to the judgment of a State court" seeks habeas

review of "any claim that was adjudicated on the merits in State court," a habeas writ may issue

only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). A state court decision is "contrary to" federal law as determined by

the Supreme Court if either (a) "the state court arrives at a conclusion opposite to that reached by

the Supreme Court on a question of law," or (b) "the state court considers facts that are materially

indistinguishable from a relevant Supreme Court case and arrives at an opposite result." *Williams*

*v. Taylor*, 529 U.S. 362, 405 (2000)).  An "unreasonable application" of clearly established

federal law occurs if (a) " 'the state court identifies the correct governing legal rules from the

[Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's

case,' " or (b) the "state court invokes a Supreme Court case and unreasonably extends its legal

principle to a new context where it should not apply, or fails to extend it where it should apply."

*Williams*, 529 U.S. at 407.

## IV.    The Exhaustion Requirement

A habeas petitioner must have exhausted all state remedies before seeking federal habeas

relief. See 28 U.S.C. § 2254(b)(1); *Daye v. Attorney Gen'l of N.Y.*, 696 F.2d 186, 190 (2d

Cir.1982) (*en banc*), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). In order

for a claim to be considered exhausted, it must have been presented fully and fairly in federal

constitutional terms to the State courts. *See*, *e.g.*, *Duncan v. Henry*, 513 U.S. 364, 365-66, 115

S.Ct. 887, 130 L.Ed.2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30

L.Ed.2d 438 (1971); *Daye*, 696 F.2d at 191.A claim is exhausted if it has been "fairly presented"

to the state court. *Daye*, 696 F.2d at 191. To fairly present a federal constitutional claim, the

petitioner must have set forth for the state court all the essential factual allegations and legal

premises now being asserted in federal court. *Id.*

**V.      The Adequate and Independent State Ground Doctrine and Procedural Default**

        The Supreme Court has made clear that the "adequate and independent state ground

doctrine applies on federal habeas," such that "an adequate and independent finding of

procedural default will bar federal habeas review of the federal claim, unless the habeas

petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that

failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v.

Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citations and internal

quotations omitted). Even where the state court also considers a petitioner's arguments on the

merits, that is of no moment because "federal habeas review is foreclosed when a state court has

expressly relied on a procedural default as an independent and adequate state ground, even where

the state court has also ruled in the alternative on the merits of the federal claim." *Velasquez v.

Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990). Thus, "as long as the state court explicitly invokes a state

procedural bar rule as a separate basis for decision," the adequate and independent doctrine

"curtails reconsideration of the federal issue on federal habeas." *Harris*, 489 U.S. at 264 n. 10;

*accord Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991);

*Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir.2000); *Bossett v. Walker*, 41 F.3d

825, 829 (2d Cir.1994), *cert. denied*, 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995).

        To show a "fundamental miscarriage of justice" a petitioner is required to demonstrate

that a constitutional violation has resulted in the conviction of someone who is  "actually

innocence." *See*, *e.g.*, *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d

728 (1998) (citing *Sawyer v. Whitlety*, 505 U.S. 333, 339 (1992) (."The miscarriage of justice

exception is concerned with actual as compared to legal innocence."). The Supreme Court has

emphasized that the exception has a "narrow scope," *Sawyer*, 505 U.S. at 339.  "To be credible,"

a claim of actual innocence must be based on reliable evidence not presented at trial[,]" *Schlup v.*

*Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *accord Calderon*, 505

U.S. at 339.

## VI.    Discussion of Petitioner's Claims

### A.      Absence of Criminal Conduct by Petitioner

Under Ground One, Petitioner alleges that the indictment was "flawed"; that the trial

court lacked subject matter jurisdiction; that Petitioner's conduct was not criminal because he

and the complainant, William Jacobi, were partners in a general partnership; and that Petitioner is

actually innocent.

On appeal, Petitioner asserted that his conduct was not criminal, and as a result, the court

did not have jurisdiction to entertain the prosecution. However, the Fourth Department held that

the waiver of appeal encompassed this contention, and, moreover, pleading guilty, he forfeited

raising this contention on appeal. *People v. Hoeft*, 42 A.D.3d at 469.

Respondent has asserted the affirmative defense of procedural default, noting that the

Fourth Department declined to review the merits of Petitioner's claim based upon an adequate

and independent state ground. Respondent asserts that a waiver of appeal is an adequate and

independent state bar to habeas review. Resp't Mem. at 10 (citing *Vasquez v Filion*, 210 F.

Supp.2d 194 (E.D.N.Y. 2002) ("[P]etitioner did not have a reasonable expectation that he would

be able to raise constitutional challenges in this case because he knowingly and voluntarily

entered into a waiver of his right to appeal. *Cf. Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct.

886, 43 L.Ed.2d 196 (1975). A defendant may execute an appellate waiver as a plea condition,

which generally precludes both direct and collateral review. *United States v. Pipitone*, 67 F.3d

34, 39 (2d Cir.1995); *Pollack v. Hobbs*, 98 F. Supp.2d 287, 291 (E.D.N.Y.2000), *aff'd*, 8 Fed.

Appx. 37, 2001 WL 388061, 2001 U.S.App. LEXIS 7250 (2d Cir.2001). The waiver is valid if

executed voluntarily and intelligently, and with the advice of counsel, and the sentence is within

the agreed-upon range. *Bello v. People,* 886 F.Supp. 1048, 1054 (W.D.N.Y.1995).").

Courts within this Circuit have held that the affirmative waiver of a petitioner's right to

appeal can provide an adequate and independent state ground on which to deny habeas relief. *See*

*McClane v. Superintendent*, No. 05 CV 5833, 2007 WL 295599, at *3 (E.D.N.Y. Jan. 24, 2007)

(noting that petitioner's claims were procedurally barred based upon independent and adequate

state law grounds given that defendant's waiver of his right to appeal foreclosed appellate review

of his sentence as harsh and excessive); *Acosta v. Giambruno*, 326 F. Supp.2d 513, 522

(S.D.N.Y. 2004) (indicating that petitioner's valid waiver of his right to appeal as a condition to

his plea agreement was an independent and adequate state law ground on which to deny habeas

relief for his claims of harsh and excessive sentence); *Singh v. Kuhlmann*, No. 94 CIV. 2213,

1996 WL 337283, at *4 (S.D.N.Y. June 19, 1996) (same). Where, as here, Petitioner has not

raised a colorable question regarding whether he had validly waived his appellate rights under

state law, I find that the Fourth Department relied upon an adequate and independent state

ground–that Hoeft validly waived his appellate rights–as to the claims asserted in Ground One.

*See Garner v. Superintendent of Upstate Corr. Fac.*, No. 9:01-CV-0501 (LEK/DEP), 2007 WL

2846907, at *18 (N.D.N.Y. Sept. 26, 2007) ("The state courts rejected Garner's claim that the

waiver of the right to appeal was not knowing and intelligent, and found that the waiver

encompassed the claim that the sentence imposed was harsh and excessive. In so doing the courts

relied upon, and cited to, state law. Since the state courts specifically predicated the dismissal of

Garner's excessive sentence claim on his waiver of the right to appeal, the decision rests upon an

independent and adequate state ground, and federal review accordingly is barred.") (internal

citations omitted).

Such a determination by the Fourth Department constitutes a finding of procedural

default, and my review of this ground is therefore precluded unless Petitioner demonstrates cause

for the default and prejudice attributable thereto, or that a fundamental miscarriage of justice

would occur if I do not review the claim–in other words, that a constitutional violation has

resulted in the conviction of an actually innocent person. *E.g.*, *Garcia v. Lewis*, 188 F.3d 71,

76-77 (2d Cir. 1999). There has been no such showing by Petitioner. Ground One is subject to an

unexcused procedural default and accordingly is dismissed.

Even in the absence of the appellate rights waiver, this claim would not be reviewable in

a habeas proceeding due to Hoeft's knowing and voluntary guilty plea, which "represents a break

in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson,* 411

U.S. 258, 267 (1973). After entering a valid guilty plea, a defendant "may not thereafter raise

independent claims relating to the deprivation of constitutional rights that occurred prior to the

entry of the guilty plea." Rather, the defendant "may only attack the voluntary and intelligent

character of the guilty plea." *Id*. None of the claims under Ground One relate to the voluntariness

of the guilty plea and thus are barred under *Tollett*.

**B.**      **Denial of Right To Testify Before the Grand Jury.**

In Ground Two of his amended petition, Hoeft asserts that he was denied the right to

testify in front of the grand jury. However, this claim is not reviewable in a federal habeas

proceeding. There is no constitutional right to a grand jury in a state criminal prosecution; rather,

such a right is a creature of statute. *See Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir. 1990);

N.Y.Crim. Proc. Law § 190.50(5)(a) ("When a criminal charge against a person is being or is

about to be or has been submitted to a grand jury, such person has a right to appear before such

grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction

to file a prosecutor's information in the matter, he serves upon the district attorney of the county a

written notice making such request and stating an address to which communications may be

sent."). As the New York Court of Appeals has explained, a "defendant's right to appear as a

witness before the Grand Jury, in contrast to his Sixth Amendment constitutional right to submit

evidence on his own behalf at trial, is derived exclusively from statute [.]" *People v. Smith*, 87

N.Y.2d 715, 724, 642 N.Y.S.2d 568, 665 N.E.2d 138 (N.Y.1996) (citing N.Y.Crim. Proc. Law §

190.50(5)).

The Fifth Amendment right of a federal defendant to indictment by a grand jury is not

incorporated by the due process clause of the Fourteenth Amendment and thus does not apply to

the states. *Mirrer v. Smyley*, 703 F. Supp. 10, 11-12 (S.D.N.Y.), *aff'd,* 876 F.2d 890 (2d Cir.),

*cert denied,* 493 U.S. 850 (1989); see also *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972);

*Hurtado v. California*, 110 U.S. 516, 538 (1884).

Because it does not present a question of federal constitutional law, Hoeft's claim that

was denied his right to testify before the grand jury is not cognizable on federal habeas review.

See 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has

alleged that he is in state custody in violation of "the Constitution or a federal law or treaty");

Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("In conducting

habeas review, a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States."). Accordingly, it is dismissed. *See*, *e.g.*, *May*

*v. Donelli*, 615 F. Supp.2d 88, 99 (W.D.N.Y. 2009) (Bianchini, M.J.).

### C.      Vindictiveness of the Prosecution

Hoeft alleges that the prosecution was "vindictive" because the Erie County District

Attorney was a former client of his. When Hoeft asserted this contention in support of his C.P.L.

§ 440.10 motion, the trial court reasoned that

> [t]he fact the Erie County District Attorney was a former client of the defendant,
> even if true, is not a proper basis for a change of venue application, as that fact
> would not impair defendant's right to a fair and impartial trial in this county. (§
> [sic] CPL 230.20(2)).

C.P.L. § 440.10 Order at 3. Hoeft does not suggest that their alleged prior business dealings had

left any animosity between him and the District Attorney. Thus, even if such a relationship

existed, he has not demonstrated any basis for suggesting that the prosecutor had a vendetta

against him or any personal interest in seeing him accused of a crime.

### D.      Ineffective Assistance of Trial Counsel

Under the well-established standard governing such claims, in order to prevail on an

ineffective assistance of counsel claim a petitioner must show both that 1) his or her counsel's

performance was deficient, in that it failed to conform to an objective, reasonableness threshold

minimum level, and 2) that deficiency caused actual prejudice to the defense, in that the

petitioner was effectively deprived of a fair trial, the results of which were reliable. *Strickland v.*

*Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Greiner v. Wells,* 417 F.3d 305,

319 (2d Cir.2005), cert. denied, 126 S.Ct. 1363 (2006). To be constitutionally deficient, the

attorney's conduct must fall "outside the wide range of professionally competent assistance."

*Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066; *Greiner,* 417 F.3d at 319. An attorney's

performance is judged against this standard in light of the totality of the circumstances and from

the perspective of counsel at the time of trial, with every effort being made to "eliminate the

distorting effects of hindsight [.]" *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Greiner*, 417

F.3d at 619

       Courts generally presume under *Strickland* that constitutionally adequate assistance has

been rendered, and significant decisions have been made through the exercise of sound

professional judgment to which "a heavy measure of deference" is afforded. *Strickland*, 466 U.S.

at 691, 104 S.Ct. at 2066; *Greiner,* 417 F.3d at 319.

       Prejudice is established by showing that there is a "reasonable probability" that but for

counsel's deficiencies "the result of the proceeding would have been different." *Strickland*, 466

U.S. at 694, 104 S.Ct. at 2068; *Henry v. Poole*, 409 F.3d 48, 63-64 (2d Cir.2005). In the context

of a guilty plea, a petitioner must show that there is a reasonable probability that, but for

counsel's deficient performance, the petitioner would not have pleaded guilty and instead would

have exercised his or her right to a trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370-71

(1985); *United States v. Coffin*, 76 F.3d 494, 498 (2d Cir.), cert. denied, 517 U.S. 1147, 116 S.Ct.

1445 (1996).

       "[A] guilty plea represents a break in the chain of events which has preceded it in the

criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, a habeas petitioner's unconditional guilty plea waives all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of his plea. *Tollett,* 411 U.S. at 267; accord, e.g., *Coffin*, 76 F.3d at 497-98.

None of Hoeft's claims of ineffective assistance pertain to the voluntariness of his decision to plead guilty, with the possible exception of his claim that trial counsel failed to investigate what he describes as a conclusive defense to the charges–that Hoeft and William Jacobi were "general partners" in a partnership. However, even if this claim were not precluded under *Tollett*, the Court would find it to be without merit.

Hoeft alleges his attorney failed to review partnership tax returns, e-mails and other contacts between him and the complainants. Hoeft contends that those documents are evidence that the complainants were business partners of Hoeft's, and that trial counsel could have defended the case on the ground that one partner cannot be criminally liable for taking the property of an another, because each partner is a joint owner of partnership property. *See People v. Zinke*, 76 N.Y.2d 8, 11-12 (N.Y. 1990).

The C.P.L. § 440.10 court rejected this claim, finding that Hoeft had "not shown that counsel overlooked a valid defense to the charges" because "[t]he mere fact that Schedule K-1 of the complainant's income tax return identified the filer as a 'general partner' is not determinative of the issue of the existence of a true partnership." C.P.L. § 440.10 Order at 3. As the C.P.L. §

440.10 court explained, the partnership defense was not particularly strong for several reasons.

First, Hoeft's own allegations contradicted his underlying argument, in that he admitted to acts

that are inconsistent with a partnership (e.g., Hoeft stated that the "managed the loans or

contributions" made by other individuals). *Id.* Second, Hoeft admitted during the plea colloquy

that he was an "investment advisor" who obtained $125,000 from Mrs. and Mrs. Jacobi, placed

the funds in a bank account titled solely in Hoeft's business name, and used virtually all of the

monies therein for his personal expenditures almost immediately after deposit. *Id.*  In light of the

significant weaknesses in such a defense, the Court cannot say that trial counsel was objectively

unreasonable in failing to pursue it. *Cf. Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct.

2052, 2064, 80 L.Ed.2d 674 (1984) (holding that failure to pursue particular trial strategy is a

ground for habeas relief only if the failure reflected an objectively unreasonable performance by

defense counsel).

Hoeft also faults counsel for failing to move to dismiss the indictment because he

allegedly was not notified about testifying in the grand jury. The C.P.L. § 440.10 court held that

this claim is "without merit" for the "record reflects that since the People presented this matter

directly to the grand jury, they were not obliged to notify defendant of the grand jury

presentment." C.P.L. § 440.10 Order at 3 (citing N.Y. Crim. Proc. Law § 190.50(5)(a)). Given

the absence of any legal support for the claim, Hoeft's attorney was reasonable in concluding that

likelihood of success on such a motion was too slim to warrant pursuing. Accordingly,  trial

counsel did not perform in a constitutionally deficient manner in failing to make this motion.

Next, Hoeft assigns error to trial counsel's failure to move to recuse the Erie County

District Attorney's Office. As discussed above, the C.P.L. § 440.10 court found that there was no

basis for a change of venue application based upon the alleged prior business relationship between the District Attorney and Hoeft. C.P.L. § 440.10 Order at 3 (citing N.Y. Crim. Proc. Law § 230.20(2)). As was true of the motion to dismiss the indictment, the recusal motion did not have a colorable chance of success and Hoeft's attorney was not unreasonable in declining to pursue it. Trial counsel did not perform in a constitutionally deficient manner in failing to make the recusal motion.

Hoeft also argues that trial counsel neglected to read a presentencing memorandum that he (Hoeft) had prepared, related to the issue of denial of due process as further discussed below. Hoeft has not demonstrated that trial counsel did not read the document in question. Nor has shown how he was prejudiced by counsel's alleged omission since he has failed to demonstrate a reasonable probability of a more favorable outcome had trial counsel not committed the alleged error.

**E.      Denial of Due Process in Connection with the Presentencing Report**

Petitioner asserts that his due process rights were violated when he was not allowed to file an opposition to the pre-sentence report. Petitioner does not cite any relevant state or federal authority in support of his argument. Petitioner's argument raises, at most, an alleged error of state law. Errors of state law are not subject to federal habeas review. *See, e.g., Estelle v McGuire,* 502 U.S. 62, 67-68 (1991). Because this claim does not present a federal constitutional question, it must be dismissed.

**VII.   Conclusion**

For the reasons stated above, the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the Petition is dismissed.  Because Petitioner has failed to make a

substantial showing of a denial of a constitutional right, I decline to issue a certificate of

appealability. *See* 28 U.S.C. § 2253(c)(2).

      **IT IS SO ORDERED.**

           /s/ Victor E. Bianchini

_____

           VICTOR E. BIANCHINI
           United States Magistrate Judge

DATED:     March 28, 2011
            Rochester, New York